```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**NICHOLAS D'ANDRE THOMAS,**

                           **Plaintiff,**

        v.                                       CASE NO. 21-3201-SAC

**MABAN WRIGHT, et al.,**

                           **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by his misidentification as the perpetrator of a crime, his public defender's failure to obtain dismissal of the charges against him, false statements made in a police report, a prosecutor's false statements to the district court, and the state district court judge's errors. He names as defendants his public defender, Maban Wright, and Detective Ryan Hayden. The Court has identified several deficiencies in the complaint but will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures the deficiencies.

**I.   Nature of the Matter before the Court**

The three counts articulated in the complaint repeat the following claims: Plaintiff does not fit the description of the person who stabbed Anthony T. Davis, a crime with which he has

1

apparently been charged in Kansas state court; the criminal case against Plaintiff was closed and then "falsely re-opened without any newly found evidence; Defendant Wright "overlooked" the prosecutor's misrepresentation of evidence to the court; Defendant Hayden filed a false police report; and the district court judge "admitted she made a mistake." (Doc. 1, p. 2-4.) Plaintiff believes these actions violated the following rights, privileges, or immunities:

> "Abuse of power, breach of contract, canon of ethics, Defendant in error, due process of law, duress, mutual mistake, mistake of law, malicious arrest, malicious prosecution, malfeasance, scope of employment, unilateral mistake[,] . . . misleading claims, false statements, misrepresentation, unlawful detainment, odium, unsound mind, Fraud, mistake of fact, writ of error, . . . mistaken identity, conflict of interest, Equal protection of the law, False arrest, False imprisonment, [and] Evil intent."

*Id.* at 3-4. As relief, Plaintiff seeks his release; punitive, nominal, and compensatory damages; injunctive and declaratory relief; and indemnification. *Id.* at 5.

## II. Screening Standards

Because Plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

1915(e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. Discussion**

Plaintiff asks this Court to intervene in an ongoing state criminal action. As explained to Plaintiff in his previously filed federal habeas proceedings, however, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). *See Thomas v. Maban*, Case No. 21-cv-3181-SAC, August 18 Notice and Order to Show Cause, Doc. 4.

Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here. The state

3

criminal case against Petitioner is ongoing, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, and the state courts provide petitioner the opportunity to present his challenges, including his federal constitutional claims, both currently in the district court and, if necessary, by appeal in the state appellate courts. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so in this action.

Petitioner is therefore directed to show cause, in writing, on or before October 2, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner. If Petitioner successfully shows why this matter should not be summarily dismissed without prejudice under *Younger*, the Court will resume screening of the complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including October 4, 2021, to show cause, in writing, why this

4

matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 3rd day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge