**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

    v.                                        **CASE NO. 21-3201-SAC**

**MABAN Wright, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by his misidentification as the perpetrator of a crime, his public defender's failure to obtain dismissal of the charges against him, false statements made in a police report, a prosecutor's false statements to the district court, and the state district court judge's errors. He names as defendants his public defender, Maban Wright, and Detective Ryan Hayden.

    As required by 28 U.S.C. § 1915(d) and 1915A, the Court screened the complaint and discovered that Plaintiff asks this Court to intervene in ongoing state-court criminal proceedings. Thus, on September 3, 2021, the Court issued an order directing Plaintiff to show cause why this matter should not be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 5.) Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Federal courts are not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger*, 401 U.S. at 46.

The Court noted that the three conditions in *Younger* are satisfied here. (Doc. 5, p. 3-4.) Accordingly, the Court directed Plaintiff to show cause, in writing, on or before October 2, 2021, why this matter should not be summarily dismissed without prejudice under *Younger. Id.* at 4. The Court cautioned Plaintiff that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice." *Id.*

The deadline for Plaintiff's response has passed and he has not filed a response to the Court's order. Accordingly, this matter is dismissed without prejudice pursuant to *Younger*. Therefore, the Court denies Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) as moot.

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS FURTHER ORDERED** that the petition **is dismissed without prejudice.**

**IT IS SO ORDERED.**

DATED: This 12th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge